■ CRANESVILLE BLOCK COMPANY, INC., Appellant, et al., Plaintiffs, v MERRITT-MERIDIAN CONSTRUCTION CORPORATION, Respondent. [636 NYS2d 186] —Spain, J. Appeals (1) from that part of an order of the Supreme Court (Mycek, J.), entered September 30, 1994 in Montgomery County, which partially granted defendant's motion for summary judgment dismissing the claims of plaintiff Cranesville Block Company, Inc. for interest and counsel fees, and (2) from an order of said court, entered November 23, 1994 in Montgomery County, which denied said plaintiff's motion for reconsideration.

From May 1990 through January 1991, plaintiff Cranesville

Block Company, Inc. (hereinafter plaintiff) supplied materials, including ready-mixed concrete and concrete blocks, to defendant to be used at a construction project at Schuylerville Elementary School in Saratoga County (hereinafter the project). In October 1991, plaintiff commenced this action, claiming that defendant had been late in remitting payments due for materials delivered by plaintiff. Further, pursuant to the terms of the parties' agreement entitled "Consolidated Joint Application for Extension of Credit", plaintiff claimed that defendant owed $1^1/2\%$ per month interest on the late payments as well as reimbursement for plaintiff's counsel fees incurred in the course of its collection efforts.

Defendant thereafter moved for summary judgment dismissing the complaint, contending, *inter alia*, that none of its payments to plaintiff had been late because payment was not due until the materials had been "accepted" by the owner of the project, and that the materials delivered by plaintiff were nonconforming and, as such, were not immediately accepted. Supreme Court partially granted defendant's motion for summary judgment, dismissing plaintiff's claims for interest and counsel fees, and also denied plaintiff's motion for reconsideration. Plaintiff appeals.

Our review of the record discloses that Supreme Court correctly determined that there were no triable issues of fact as to whether defendant had been late in remitting payment for the materials delivered by plaintiff. The documents which set forth the terms of the parties' purchase agreement, i.e., (1) the "Consolidated Joint Application for Extension of Credit", dated June 22, 1990, and (2) the purchase order relating to the materials, dated May 11, 1990, when read together, provide that interest on the payment due plaintiff would not begin to run until 30 days after the materials had been accepted by the owner of the project. The interest charges sought by plaintiff on the balance allegedly due on this purchase order were calculated by plaintiff as of a date which is prior to the date the materials were accepted by the project's owner. In our view defendant's payment was not untimely; therefore, we conclude that Supreme Court was correct in dismissing plaintiff's causes of action seeking interest payments and counsel fees.

We reject plaintiff's contention that by not pleading it as an affirmative defense, defendant has waived the right to assert that any delays in payment were justified by the nonconformance of the materials delivered by plaintiff. This would only be true if the unpleaded matters were likely to have surprised

plaintiff (see, CPLR 3018). The record discloses, however, that plaintiff's representatives received both oral and written objections to the quality of the goods in question and that they attended meetings with defendant, the owner of the project and the architect to discuss the failure of the materials supplied by plaintiff to meet contract specifications. Hence, plaintiff's assertions of having been surprised by this defense are unpersuasive.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.